# DECEMBER, 1902.

Missouri, Kansas & ·Texas Railway Company of Texas v.
Grace Eyer et al.

No. 1151. Decided December 1, 1902.

**1.—Discovered Peril—Stopping Train.**

A charge holding a railway company liable, in spite of contributory negligence of the person run over on its track, if those operating the train saw him in peril and failed to exercise ordinary care to stop, is erroneous in omitting the further requirement that the peril be discovered in time to avoid striking him, where the evidence makes that an issue. (P. 74.)

**2.—Same—Charge—Inviting Error.**

Error in the charge of the court can not be held to have been induced by requested instructions embracing but qualifying the erroneous principle, where they appear to have been asked after the court's charge was given. See charges appearing on their face to have been so requested. (Pp. 74-76.)

**3.—Same.**

A request for instruction as to the burden of proving negligence of defendant after discovery of the peril of the injured party, does not imply, by its omission of reference to the possibility of avoiding injury after such discovery, that the same was not necessary to establish defendant's liability. (Pp. 76, 77.)

**4.—Same—Case Criticised.**

The case of Railway v. Sein, 89 Texas, 63, criticised and limited. (P. 77.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Grace Eyer recovered judgment against the railway company, from which it appealed and on affirmance obtained writ of error.

*T. S. Miller* and *Head & Dillard,* for appellant.—Where the plaintiff is guilty of contributory negligence, the failure of the defendant to exercise care after the peril is discovered will not render it liable unless the injury would have been avoided had such care been exercised. Railway v. Scrivener, 49 S. W. Rep., 649; Railway v. Hay, 28 Texas Civ. App., —.

The Court of Civil Appeals erred in holding that appellant is concluded, by the special charges requested by it after the general charge had been read to the jury, from availing itself of the affirmative error complained of in its third assignment.

*Randell & Wood,* for defendant in error.—The paragraph of the court's charge complained of is a correct presentation of discovered peril. Railway v. Smith, 52 Texas, 179; Railway v. Robinson, 4 Texas Civ.

App., 121; Railway v. Smith, 62 Texas, 252; Railway v. Cocke, 64 Texas, 158; Railway v. Lankford, 9 Texas Civ. App., 597; Railway v. Bush, 12 Texas Civ. App., 291, and cases therein cited.

If said charge was not as full and specific as was desired by appellant, it should have requested a special charge covering said omission. Robinson v. Varnell, 16 Texas, 386; Beazley v. Denson, 40 Texas, 434; Railway v. O'Donnell, 58 Texas, 42; Railway v. Casey, 52 Texas, 122; Railway v. Thompson, 33 S. W. Rep., 723; Drug Co. v. Ward, 15 Texas Civ. App., 288; Cockrell v. Cox, 65 Texas, 676; Railway v. Smith, 65 Texas, 167.

Appellant can not complain of said instruction, because the same proposition, in practically the same language, is embodied in special charges by appellant. Railway v. Sein, 33 S. W. Rep., 558; Railway v. Sein, 89 Texas, 67.

If it was not the intention of appellant in requesting said special charges to mislead the court, and it really considered the law to be as presented in said special charges, it is estopped from taking a different position in this court. The Supreme Court in Railway v. Sein, 89 Texas, 67, state the doctrine as follows:

"It is the right and duty of the court, at any time before the charges are read to the jury, even before a verdict has been returned, to change the instructions that may have been prepared or given if believed to be erroneous; and a requested charge would be as potent, in suggesting a correct proposition of law to the court, when brought to the attention of the judge after his charge was prepared as before; and we see no difference between leading a judge into error and confirming an error already committed, at a time when it might have been corrected by calling attention to it; the effect is the same."

The court, in said case, lay down the rule that a party might ask a special charge embodying a proposition already embraced in the court's charge with a view of explaining, limiting, or enlarging the meaning of the court's charge, and that under such circumstances the assertion of such proposition would not be held to be a confirmation of its correctness. But such was not the object of the special charges presented by appellant in this case, but on the contrary, the language and idea conveyed by such special charges were calculated to and likely did confirm the court in the belief that it had fully and correctly charged said proposition to the jury in its main charge.

GAINES, Chief Justice.—This suit was brought by Grace Eyer, who was joined by her husband, to recover of the Missouri, Kansas & Texas Railway Company of Texas damages for the death of her father, which was alleged to have been caused by the negligence of the servants of the defendant company. She recovered a judgment, which was affirmed by the Court of Civil Appeals.

The deceased was run over and killed by a train of the company. The plaintiff pleaded that the accident was caused by the negligence of

the servants of the defendant, without contributory negligence on the part of the deceased; and also in effect that the servants in charge of the train which caused the death of the deceased discovered his peril in time to have stopped the cars and to have avoided the injury, and negligently failed to do so. The defendant pleaded a general denial and contributory negligence on part of the deceased.

The assignments of error in the Court of Civil Appeals and in this court are very numerous, but as to all which are correctly presented in this court, save one, we deem it sufficient to say, that they are properly disposed of in the appellate court.

The second assignment in this court complains that the Court of Civil Appeals erred in not sustaining the third assignment in that court. That assignment alleges error in the following paragraph of the charge of the trial court: "If you believe from the evidence that when the engine that killed Elbridge S. Wiley was approaching said crossing on Myrick avenue, the engineer operating the same saw said Wiley near defendant's track at said crossing, and it reasonably appeared to said engineer and he realized that said Wiley would not probably stop before he reached said track or would not pass over said crossing in time to avoid collision with said engine, and if you further believe from the evidence that said engineer then failed to exercise ordinary care by the use of the means he had at hand to stop said engine and to prevent such collision, you will find for plaintiffs, even though you may believe that said Wiley was guilty of contributory negligence in the manner in which he approached and went upon said crossing." One of the grounds of complaint is that the "charge makes the defendant liable regardless of whether or not the engineer saw deceased's peril in time to have stopped the engine and avoided striking said Wiley by the exercise of ordinary care and by the use of the means at his command, and makes defendant's liability rest merely upon whether or not said engineer exercised ordinary care to stop the engine by the means at his command after discovering that said Wiley would not stop or would not pass over the crossing in time to avoid collision with the engine."

We are of opinion that there was error in the charge. There was evidence tending to show that, after the discovery of the peril of the deceased, the train could not have been stopped in time to avoid the injury. If the deceased negligently went upon the track and if, when his danger was discovered, it was too late to stop or check the train so as to save him from injury, the company was not liable, although the previous negligence of its servants who were operating the train may have been a contributing cause of the death. The Court of Civil Appeals so held in their first opinion and reversed and remanded the cause for the error in the charge. But upon a motion for a rehearing, they were of the opinion that the matter fell under the rule of "invited error," and therefore granted the motion and affirmed the judgment.

In this conclusion we do not concur. The rule in question is but a deduction from the doctrine of estoppel. Where a party by a request

for a ruling leads the court into error, he should be precluded from
claiming a reversal of the judgment by reason of the error so committed.
To hold otherwise would be to permit him to take advantage of his own
wrong.   Where the court upon the trial is requested to affirm a proposi-
tion of law in the charge and it is so affirmed the rule applies.   Such
was the case of the International & Great Northern Railroad Company
v. Sein, 89 Texas, 63.   In that case the following special instruction was
requested:  "The court charges you that it was the duty of the defend-
ant railroad company, and its agents and employes, to use and exercise
ordinary care and prudence in the operation of its trains and engines
along and upon its tracks, and to use great care in the operation of said
trains when approaching public road crossings and street crossings, and
it was its duty, when so approaching, to sound the bell of the engine
continuously for a distance of eighty rods before reaching said crossing,'
etc.   This request was marked refused; but the court in its general
charge gave the instruction as to the duty of the company in precisely
the same language.   Error having been assigned upon that proposition
in the charge of the court, it was held that this was "invited error," and
that for that reason the assignment could not be sustained.    The
proposition complained of being as to the duty of the defendant company
under the circumstances of the case went to the foundation of the action;
and it was held that since the defendant had asked the charge it was
estopped to complain.   In that case, the matter was left open to the
inference that the proposition in the general charge was embodied there-
in after the special instruction had been requested.

In this case, as to all the special charges requested save one, the record
leaves no room for inference.   With the one exception all the requests
which are claimed to have induced the error are expressly shown to have
been made after the general charge had been read to the jury.   These
requests are as follows:

"No. 2.   The undisputed evidence in this case shows that E. S. Wiley
was guilty of negligence which proximately contributed toward causing
his death, and you will therefore find for the defendant, unless you find
against it on the ground that its employes failed to exercise proper care
after they discovered the peril of said Wiley, under the other charges
given you.

"No. 3.   If you believe from the evidence that E. S. Wiley did not
exercise ordinary care, that is, such care as an ordinarily prudent person,
similarly situated, would have used in attempting to cross the defend-
ant's tracks on Myrick avenue at the time and under the circumstances
that he did, and that such negligence proximately contributed toward
causing his death, you will find for the defendant, although you may
believe from the evidence that the defendant was also negligent, and
that said negligence contributed directly and proximately to said Wiley's
death, unless you find in favor of the plaintiffs on the ground that de-
fendant's employes failed to exercise proper care after they discovered
and realized the danger that said Wiley was in.

"No. 4. The undisputed evidence shows that E. S. Wiley was negligent in attempting to cross the defendant's tracks on Myrick avenue at the time and in the manner that he did, and that such negligence contributed directly and proximately to his injury and death; you will therefore find for the defendant, unless you further find that defendant's servants in charge of said engine and caboose discovered that said Wiley was in a place of danger and after such discovery failed to use such means as was in their power, situated as they then were, to prevent injuring him.

"No. 8. Under the undisputed evidence in this case defendant is not liable to plaintiffs for the injury and death of E. S. Wiley unless its servants in charge of said engine actually knew that said Wiley was in danger, and failed after such knowledge to use such care as ordinarily prudent persons would have used, situated as they then were, to avoid injuring him.

"No. 10. The burden of proof is upon the plaintiff to show by a preponderance of the evidence, which means the greater weight of credible testimony, that defendant's servants in charge of said engine and caboose did not exercise the proper precaution, situated as they then were, to prevent injuring the said E. S. Wiley after they discovered the danger he was in, if they did so discover his danger, and unless they have done so, you will find for defendant.

"No. 21. If you believe from the evidence that Mr. Wiley was negligent, as negligence is defined in the court's charge, and that said negligence caused or contributed to cause his injury, then you must be confined in determining the defendant's liability solely to the question as to whether the servants of the defendant in charge of the engine that injured said Wiley used proper care, situated as they were then, with the means at their command to prevent said Wiley from being injured, then in that event if you find that they used such care you will find for the defendant."

It does not expressly appear from the transcript that request No. 10 was presented after the main charge had been read, but we think that it is to be inferred that such was the fact. It is to be presumed that the charges were numbered in the order in which they were presented, and it does appear from the transcript that the court's charge had been given to the jury when the requests from numbers 1 and 9 inclusive were made. But we are clearly of opinion that the request in question does not invite error. Provided there was evidence to authorize the submission to the jury of the issues of negligence in the first instance on part of defendant's servants, and of contributory negligence on part of the deceased, it would have been error to instruct the jury to find for defendant in the event they found the servants of the defendant used proper care after the discovery of the danger. But so far as liability by reason of the discovered peril is concerned, the charge was correct as a proposition of law. The defendant was not liable on that ground provided, after their discovery of his danger, the servants of the company

used proper care to avoid injuring him. The defendant did not request the court to charge that if the servants of the defendant failed to exercise proper care to avoid injuring the deceased, after they saw his danger, the company would be liable, whether it was possible to avoid the injury or not. If it had done so and the court had adopted the charge so requested, it would have fallen within the rule of the Sein case above cited. But so far as liability by reason of discovered peril is concerned, the charge embraces no proposition that is erroneous. It follows, we think, that whether request number 10 was presented before or after the main charge was read to the jury, it did not estop the defendant from complaining of the error in the court's instructions.

The same rule, we think, applies to the other requests, except number 21. That in effect requests the court to charge the jury that if the deceased was negligent, the sole question would be whether the defendant's servants used proper care to prevent injuring him. But this request was presented and refused after the court had given his charge to the jury and had refused other special instructions. We do not see how it can be said that a party has led the court into error by a requested instruction, when the same proposition has already been prepared and submitted to the jury before the request is made. On the contrary it may frequently happen, where there are numerous issues in a case to be determined by the jury and the court has given the charge to the jury which contains an erroneous instruction upon one issue, the party against whom the error is committed would be deprived of the right to present by requested instructions his view of the law upon other issues unless he were permitted to embody the erroneous instruction in the request. He might well apprehend that unless he drew his instruction so as to conform to the views of the court, as already expressed in the charge, the request for that reason alone would be refused.

There are expressions in the case of the International & Great Northern Railroad Company v. Sein, above cited, to the effect that it makes no difference whether the request is made before or after the main charge has been read to the jury. But that these remarks were not necessary to the decision of the case is shown by the opinion itself. Summing up the discussion the opinion concludes as follows: "We must presume in favor of the action of the trial judge, that in giving the instruction objected to he acted upon the request of counsel for the defendant."

For the error in the charge of the court, the judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded.

*Reversed and remanded.*