PARIS & GREAT NORTHERN RAILROAD COMPANY ET AL. V. CHARLES
FLANDERS.

No. 2771.     Decided October 20, 1915.

**1.—Invited Error.**

The principles governing the doctrine of invited error and the caution to be observed in applying it stated and discussed. (P. 329.)

**2.—Same—Charge—Case Stated.**

Where on the issue of negligence of a railway in permitting an engine to stand on the track in such position that its headlight blinded a switchman engaged in his duties, whereby he was injured, an instruction requested by defendant permitted recovery on such ground if the headlight rendered the performance of his work dangerous, but presented the question of diminution of the amount of recovery therefor under the doctrine of comparative negligence, in case plaintiff was also in fault, such requested charge invited the submission of such issue as to defendant's negligence, and defendant could not complain that same was improperly submitted as a ground of recovery because not a cause of the injury. (Pp. 328-330.)

**3.—Invited Error—Requested Charge—Presumption.**

In the absence of anything in the record indicating that a charge was asked after the main charge was given, the presumption obtains that it was requested before that time.　(P. 331.)

Error to the Court of Civil Appeals for the Sixth District in an appeal from Lamar County.

Flanders sued the railway company and obtained judgment.　This was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Terry, Cavin & Mills, Andrews, Streetman, Burns & Logue,* and *Wright & Patrick,* for plaintiff in error.—The evidence showed conclusively that the acts mentioned in fourth paragraph of court's charges could not be a proximate cause of the injury and it was error to submit same to be passed on by the jury and authorize a verdict against defendant in event jury found they were a proximate cause of the injury. P. & G. N. Rd. Co. v. Calvin, 98 S. W., 222; Antone v. Miles, 105 S. W., 39; Railway v. Hunt, 47 S. W., 70.

Neither of the charges requested by plaintiffs in error submitted the same issue submitted by the court in its general charge, and they were not framed in the same language.　Railway Co. v. Eyer, 96 Texas, 75; Compress Co. v. Bromberg & Co., 140 S. W., 475; Railway Co. v. Walker, 161 S. W., 961; Railway Co. v. Green, 95 S. W., 694; Grocer Co. v. Burk, 120 S. W., 552; Railway Co. v. Pickens, 118 S. W., 1133.

The language of the charges requested by plaintiffs in error shows that they were asked after the court's charge was read to the jury and for the purpose of modifying and correcting same, and they can not be held to have invited the error. ·Same authorities.

The defendant in error having requested a special charge submitting the same issue submitted by the court, it can not be said that the charges requested by plaintiffs in error influenced the court in submitting the issue, and appellee is estopped from claiming invited error.　McKinnie v. Lane, 230 Ill., 542.

Rule 62a required the Court of Civil Appeals, the court being of the opinion that the error complained of and committed by the lower court amounted to a denial of the rights of plaintiff in error such as was reasonably calculated to cause and did cause the rendition of an improper judgment, to reverse the cause; and said rule abrogates the doctrine of invited error, as heretofore applied by the appellate courts, and demands that trial in the lower court result in substantial justice being done.

Negligence can not be predicated upon the compliance with a statute of the State.　Article 6565, Revised Statutes, requires all railroads to equip all locomotive engines except those regularly used in switching cars with electric headlights.　Article 6566 provides penalty for failure to comply. ﹒Article 6567 expressly exempts railroads which have all their locomotives equipped with electric headlights from maintaining switch

lights on their main line switches. Barnes v. Texas & N. O. Ry. Co., 177 S. W., 214.

The action of the District Court in submitting as a ground of negligence the compliance by appellant with a statutory provision is a fundamental error such as could not be waived or invited by a party to the suit. Trammel v. Swan, 25 Texas, 474; Hickman v. Stone, 69 Texas, 255, 5 S. W., 833; Peacock v. Lumberger, 95 Texas, 258, 66 S. W., 765; Fuqua v. Brewing Co., 90 Texas, 298, 38 S. W., 29; Josey v. Davis, 55 Ark., 318, 18 S. W., 185; Oar v. Davis, 105 Texas, 479.

*Carlock & Carlock,* for defendant in error.—In the absence of anything affirmatively to show that the said requested charges were presented and refused after the court's general charge was prepared and given to the jury, the plaintiffs in error have wholly failed to make a case bringing themselves within the rule laid down in the case of Railway Co. v. Eyer, 96 Texas, 75, but on the contrary leave the case to be determined by the general principles laid down in the case of Railway Co v. Sein, 89 Texas, 68. Railway Co. v. Sein, 89 Texas, 65; Poindexter v. Kirby Lumber Co., 101 Texas, 322; S. W. Portland Cement Co. v. Young, 140 S. W., 381; Railway Co. v. Maples, 162 S. W., 427; Cooke Bros. Carriage Co. v. Bank, 38 Texas Civ. App., 441; Emery v. Barfield, 138 S. W., 419; Railway Co. v. West, 131 S. W., 841; Railway Co. v. Curvier, 136 S. W., 1133; Railway Co. v. Higgins, 22 Texas Civ. App., 430; Railway Co. v. Geiger, 118 S. W., 182; Railway Co. v. Walker, 162 S. W., 921; Hill County Cotton Oil Co. v. Gathins, 154 S. W., 668, 1174; Croft v. Smith, 51 S. W., 1099; Thompson v. Compress Co., 48 Texas Civ. App., 235.

In the absence of an affirmative showing that the charges were requested by the defendant's counsel after the court had prepared or submitted its main charge, *the presumption exists that they were given before the court had prepared or submitted its main charge.* Nagle v. Simmang, 54 Texas Civ. App., 436; Railway Co. v. Sein, 89 Texas, 67; Thompson v. Planters Compress Co., 48 Texas Civ. App., 242; Railway Co. v. McAdams, 37 Texas Civ. App., 580.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit of the defendant in error, Flanders, for damages on account of personal injuries suffered while engaged in his duties as a switchman in the employ of the plaintiff in error, was predicated upon two distinct issues of negligence, and each of them was submitted by the court in its general charge to the jury. One was permitting a road engine to stand in the railway yards where Flanders was working at night,—at the time of his injury setting the brakes on a car which had been shunted or "kicked in" by the switch engine on a side track, and which violently collided with another car stationary on the track, causing him to be thrown to the ground,—with its electric headlight brilliantly burning; which, it was claimed, had the effect of blinding him, and rendering his

work dangerous by obscuring his vision, and because of which he was unable to set the brakes on the car before the collision.

The honorable Court of Civil Appeals, upon the original hearing, reversed the judgment obtained by Flanders in the trial court because of the submission of this issue, holding that while there was sufficient evidence to warrant a finding that this was an act of negligence, yet, under the evidence, it could not have contributed to the injury. On rehearing it affirmed the trial court judgment, because of its view that the error in submitting the issue had been invited by certain instructions requested on the trial by the railway company. The writ of error was granted on this latter ruling. It presents the only question which it is necessary to discuss, on all other questions the judgment in our opinion being entitled to affirmance.

The rule of invited error rests in the principle of estoppel, its reason being that a party is in no position to complain of an error which he has induced the court to commit. It may easily be carried too far, especially in the case of the requested instructions which, in general, are as often framed by counsel for the purpose of adapting the submission of issues to what are understood to be the views of the court upon the questions involved. as inducing the submission of a particular issue, or an issue in a particular way. The consequence of an evident error on the part of the court, substantially affecting a party's rights and depriving the trial of the legal character which it is the duty of the court to maintain, ought not to be avoided by its technical application. For their elements of finality and conclusiveness, the judgments of courts are dependent upon a legal trial. The conduct of the proceeding so as to insure such a trial is an obligation resting primarily upon the court itself; and the responsibility for the court's action in the commission of hurtful errors ought not to be transferred to a litigant unless it is reasonably plain that through the action of his counsel he is equally chargeable with the mistake. As applied to errors in the charge apparently induced by requested instructions the test of the question, therefore. is that definitely announced in the thoughtful opinion of Chief Justice Gaines in Missouri, K. & T. Ry. Co. of Texas v. Eyer, 96 Texas, 73, 70 S. W., 529,—following but limiting International & G. N. Ry. Co. v. Sein, 89 Texas, 63, 33 S. W., 215, 558,—namely, whether by means of a special instruction requested before the charge is read to the jury, the court is ·asked to affirm the proposition which is erroneously affirmed in the given charge.˙ If so, the rule applies; otherwise, it does not.

Making use of that test here, it is manifest that the error of the court in submitting in the general charge as an issue of negligence the presence of the brilliant headlight in the railway yards while Flanders was engaged in his particular duties, must be regarded as having been invited by at least one of the special instructions requested by the railway company. The instruction referred to is in the following language:

"If you should believe from the evidence that the light from the headlight of one of the defendants' locomotives in the yard at the time of the

plaintiff's injury shone on plaintiff while he was in performance of his work in such manner as to render the performance of same dangerous, and if you should further believe from the evidence that the plaintiff had knowledge of the presence of said light before beginning his work or that a person exercising such care under the same circumstances would have had knowledge of the presence, position and probable effect of said light upon a person attempting to perform the duties plaintiff was to perform on said track, and you further find from the evidence that plaintiff in attempting to perform his duties under the circumstances failed to exercise ordinary care for his own safety, if he did, or if you believe from the evidence that by the exercise of ordinary care in the performance of his duty, plaintiff could by changing his position on the car, if you find he did not do so, have avoided the effect of said light and danger therefrom, then in event you find that in either or all of the instances above named plaintiff failed to exercise ordinary care and that such failure, if any, proximately caused or contributed to his injury, you are instructed that same would not bar a recovery by plaintiff, but the damage, if any, should be diminished by you in proportion to the amount of negligence attributed to plaintiff."

The purpose of this special instruction was the submission of the issue of contributory negligence, predicated upon the plaintiff's attempting the particular work with knowledge of the presence of the headlight, or under circumstances charging him with such knowledge, and in making no effort to avoid its effect. But in its direction "that if the jury should believe from the evidence that the light from the headlight shone on the plaintiff while he was in the performance of his work, in such manner as to render its performance dangerous," and should further find in accordance with the additional part of the instruction, "a recovery would not be barred," but the damages should only be diminished in proportion to the negligence attributable to him, the plain sense of the instruction is that on the issue of the headlight the plaintiff was entitled to recover in some amount, if the effect of its presence was to render dangerous the performance of his work. By its terms the recovery by the plaintiff, which it says would not be barred by a consistent finding under the entire instruction, is as definitely based upon that issue, as a diminution of the damages is related to the issue of contributory negligence.

In the general charge the issue as to the headlight was presented in substantially the same terms, except that it required, as a condition for any recovery by the plaintiff upon the issue, not only that the light was of such brilliance as to render it dangerous to switchmen in the discharge of their duties, but that it blinded the plaintiff so as to prevent his seeing the standing car, or interfered with him in the discharge of his duties, and that permitting the light to be as it was amounted to negligence. The special instruction, in fact, imposed a less burden upon the plaintiff, in that, as already noted, it authorized a recovery in his

favor on the issue, provided only that the jury found the headlight rendered dangerous the performance of his work.

The special instruction was more than a reference to this issue. It announced the right of the plaintiff to recover on the issue, and, as stated, it furthermore permitted such recovery on a finding of less than the general charge exacted. Having in this instruction distinctly affirmed the proposition erroneously embodied in the general charge, under the ruling of Railway Co. v. Eyer, the plaintiff should not be heard to complain of the charge, unless there is sufficient indication in the record that the instruction was requested after the charge was given.

Upon the trial no contention appears to have been made by the plaintiff in error that this was not properly an issue to be submitted to the jury. The record suggests nothing that would amount in any form to an objection to its admission. It in nowise indicates that the instruction was not requested until after the charge was given. With the record in this state, the presumption obtains that it was requested before that time. Railway Co. v. Sein.

The judgments of the District Court and the Court of Appeals are affirmed.

*Affirmed.*