FT. WORTH & D. C. RY. CO. v. HOUSTON. (No. 8359.)

(Court of Civil Appeals of Texas. Ft. Worth. April 8, 1916. On Motion for Rehearing, May 13, 1916.)

1. RAILROADS ⬦312(1) — OPERATION—INJURIES TO PERSONS—NEGLIGENCE.

Where a locomotive in question approached a public crossing at dusk, unlighted, and without noise, and without giving any warning, the employés of the railroad were guilty of negligence in so doing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 988; Dec. Dig. ⬦312(1).]

2. RAILROADS ⬦350(13)—DUTIES TO PEDESTRIANS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Evidence that plaintiff approached a railroad crossing at about dark, and left the public highway a few feet from the track, and looked in front of her, but not behind her, and was struck by a locomotive as she was stepping off the track, which locomotive had given no signal and bore no light, and was proceeding at a slow speed, and noiselessly, is insufficient, as a matter of law, to establish contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1166; Dec. Dig. ⬦350(13).]

3. RAILROADS ⬦350(33)—OPERATION—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE.

Such evidence, coupled with the statement of the fireman that he saw the plaintiff approach and gave no warning, and that the locomotive could have been stopped within 12 feet, does not, as a matter of law, justify the court in saying that the railroad did not discover the plaintiff's danger in time to have avoided the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1191; Dec. Dig. ⬦350(33).]

4. NEGLIGENCE ⬦136(26) — ACTIONS — DEFENSES—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is generally a mixed question of law and fact, and must be submitted to the jury if the evidence is such that reasonable minds may differ.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 286, 333; Dec. Dig. ⬦136(26).]

5. RAILROADS ⬦346(5) — OPERATION—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

The burden of proving alleged contributory negligence on the part of a pedestrian struck by defendant railroad's locomotive is upon the railroad.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1121; Dec. Dig. ⬦346(5).]

6. RAILROADS ⬦350(33)—OPERATION—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE.

Evidence in a pedestrian's action for injuries by being struck by a locomotive near a public crossing *held* to raise the issue of discovered peril.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1191; Dec. Dig. ⬦350(33).]

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Action by Hettie Houston against the Ft. Worth & Denver City Railway Company. Judgment for plaintiff; and defendant appeals. Affirmed.

Thompson & Barwise, of Ft. Worth, and Carrigan, Montgomery & Britain and F. S. Jones, all of Wichita Falls, for appellant. Bonner & Bonner, of Wichita Falls (Wm. N. Bonner, A. A. Hughes, and J. R. Ogle, all of Wichita Falls, of counsel), for appellee.

CONNER, C. J. Appellee, Hettie Houston, instituted this suit for damages in the sum of $5,000 for personal injuries received by her in a collision with one of appellant's locomotives. She alleged that while attempting to cross appellant's railway track near a public crossing in the city of Wichita Falls, appellant's servants and employés operating a locomotive engine suddenly and silently approached while it was dark, without blowing the whistle or ringing the bell, and without having the engine lighted so as to give warning of its approach. She further alleged that after her approach to the crossing was discovered and that she was in imminent danger said employés were guilty of negligence in failing to exercise care to warn her of the approaching engine.

The defendant denied the allegations of negligence charged, and specially pleaded that the track upon which the locomotive was being operated at the time was a switch track in constant use, of which the plaintiff knew, and that she approached and attempted to cross the railway track without stopping, looking, or listening for approaching cars or engines, and in so failing was guilty of contributory negligence.

The issues so presented by the pleadings were submitted to a jury, who returned a verdict in favor of the plaintiff, and assessed her damages in the sum of $300, and the defendant has appealed.

Appellant's insistence is that the evidence did not authorize the submission of the issue of discovered peril, and that under the evidence plaintiff was guilty of contributory negligence as a matter of law, and that hence the court should have given the peremptory instruction to find for appellant, as was requested. These subjects are so closely interwoven that they will be disposed of in a general way together. The evidence tends to show that the plaintiff started from some houses, where presumably she was employed, in the northern part of appellant's switchyards in the town of Wichita Falls. On the occasion in question she proceeded to a well-defined pathway, used by both wagons and pedestrians, that threaded its way in a southerly direction to the crossing where the accident occurred over and between several switch tracks. The plaintiff proceeded along this pathway, which was some 15 or 20 feet

from the roadbed, until she arrived at the Park street crossing of appellant's track, when she turned to the right to cross the railway track in a continuation of her journey to her destination at a point south of Park street. The general direction in which she was traveling may be said to be southwesterly. She was entirely clear of the tracks and out of danger until she altered her course to cross the railway track, as stated. There was some evidence that at this time it was daylight, but other evidence in behalf of plaintiff was to the effect that it was dark or "dusk dark." The engine, as there is evidence tending to show, approached the same crossing behind the plaintiff. The engine had no lights burning, and, while the engineer and fireman both testified that the bell was rung, other testimony was clearly to the effect that neither was the bell rung, nor was the whistle blown, nor any other warning given of the approaching engine. Plaintiff's testimony was to the effect that the engine approached at the rate of about 6 miles per hour, and silently; that as she approached the crossing she listened, but does not remember whether she looked behind her to see whether an engine or cars were approaching, although she admitted that she knew that the tracks were constantly used for switching. She was struck by the beam of the cow catcher just as she stepped upon the track, thrown aside, and injured as alleged in her petition.

The fireman testified that he was on the left-hand side of the engine; that he could and did see the plaintiff as she proceeded along the track; that he had his eye on her all the time. He admitted that he did not call to the engineer, who was on the right-hand side of the engine cab, and who, as there is testimony tending to show, was out of view of the plaintiff. The fireman testified that he rang the bell; that he cried out for the plaintiff to stop; but that she paid no heed to him. He explained his failure to warn the engineer to stop the engine on the ground that there was not time. The engineer testified that at the rate of speed they were going the engine could have been stopped within 12 feet. He further testified that a switchman was also along, and, as he thought, seated on the front of the engine.

[1-5] Assuming, as it is our duty to do after the verdict in plaintiff's favor, that the locomotive in question was allowed to approach the public crossing while it was dark, or dusk dark, unlighted, and without noise, and without ringing the bell or blowing the whistle, and without giving any other warning, it must be conceded that appellant's servants and employés were guilty of negligence in so operating the locomotive, and after a careful consideration of the evidence we feel unable to say that, as a matter of law, the plaintiff was guilty of contributory negligence, or that, as a matter of law, it must be said that appellant's employés did not discover appellee's danger in time to have avoided the injury that followed. It seems so well settled that it is hardly worth while to cite authorities in support of the proposition that the question of contributory negligence is generally a mixed question of law and fact. If the evidence is such as that reasonable minds may differ as to the conclusion to be drawn therefrom, it is the duty of the court to submit the issue to the jury, and it is to be remembered that the evidence does not quite show that the plaintiff failed to "look" behind her just before attempting to cross. She was thrown on her head, and the jury may have possibly inferred that she did look, but had forgotten this detail of the accident, or they may have possibly inferred that, had she looked, it would have been unavailing because of the darkness, notwithstanding other evidence plainly indicated that she could have seen the approaching locomotive had she turned and looked behind her. The plaintiff did testify, as stated, that she saw no light, and that, had the engine been lighted, she certainly would have seen its reflection before it. She evidently, therefore, looked forward, and she specifically stated that she saw no light, that she listened, and that no warning signal was given. It is also to be remembered that the burden of proof upon this issue was upon the defendant, and the evidence is silent as to the location of the locomotive prior to its near approach to the crossing in question. It may have been that as the plaintiff left the houses in which she was presumably employed, as stated, in the northern part of the switchyards, and which were situated on the south side of Mill street one block from Park street, that the engine was not in sight or hearing, and that as she walked up the pathway and covered the short distance intervening between the points named she had no reason to suspect the approach of an engine from the north, and it cannot be said that the evidence excludes such an inference, or that such an inference is unreasonable; so that, as we think, the jury may have concluded that under all of the circumstances it should not be said that the plaintiff was guilty of contributory negligence.

[6] Nor do we think it must be said that the evidence failed to raise the issue of discovered peril. The evidence authorizes the inference that the plaintiff was at least 15 feet from the railway track when she changed her direction, and when, if the fireman was looking at her, he must have observed that she was in peril; had he then given a single tap of the bell, it might have arrested the further progress of the plaintiff and all injury been avoided. It further appears that the locomotive was 10 feet from the plaintiff as she stepped upon the track. Had the fireman at that moment have instantly cried out to the engineer, the engineer might have

acted upon the warning in time to have at least so retarded the progress of the engine as that the plaintiff might have stepped forward or backward out of danger. But few seconds of time would have been necessary to so do, or, had the switchman, who was on the pilot of the engine, as the jury had the right to infer from the evidence, have given proper warning, it might have been sufficient. So that, as stated, we feel unwilling to say that the court erred in submitting the issue of discovered peril to the jury, or even that the jury would not have been authorized to find that there was a failure on the part of appellant's employés to exercise that high degree of care that the law, in the interest of human life, imposed upon them to avoid running the plaintiff down.

Other criticisms of the court's charge are made, but the charge, when considered as a whole, together with special charges given at appellant's request, we think, sufficiently and fairly presented the material issues to the jury.

All assignments of error are accordingly overruled, and the judgment is affirmed.

### On Motion for Rehearing.

In deference to the very earnest motion for a rehearing we have again considered the evidence in this case, but, after having done so, we conclude that there is no material error in our original conclusions. It cannot be said that the plaintiff wholly failed to exercise care for her own safety. It is evident that it took but a few moments to walk the one block intervening between the plaintiff's starting point and the crossing where struck, and, while at starting the switch crew may have been in the north part of the yards, as appellant urges, nothing in the evidence shows that the plaintiff's attention was called to the location of the engine and crew and that they had started or were about to start in her direction. This being true, and the engine having approached silently and without light or warning of any kind, and plaintiff having "looked" forward at least, and having "listened," as she testified, we can hardly say that the issue of contributory negligence was not for the jury. The case is not clearly one where the plaintiff is affirmatively shown to have been guilty of an entire want of care for her own safety, as appears in some of the cases cited by appellant. See Railway Co. v. Kendall, 78 S. W. 1081.

But, if it be assumed that plaintiff was guilty of contributory negligence, there yet remains the finding, as we must impute to the verdict, that the operatives were guilty of a want of due care after discovery of plaintiff's peril. The fireman testified that he did not have time to warn the engineer to stop after plaintiff got on the track. This may have been true, but he did not testify

that he could not have sounded the bell, nor did the switchman testify at all, though the testimony of the engineer authorizes the inference that he was on the very front of the engine. Moreover, the fireman testified that he kept looking at the plaintiff all the time. Why so? He must have thought, in view of the direction of the path upon which plaintiff was traveling and the proximate location of the public crossing, that the plaintiff might undertake to cross the track. At any rate, he kept looking at her, and when she turned to the right and kept going directly toward the crossing without looking back the fireman must have then, at least, anticipated the plaintiff's danger. At the moment of so turning she was 15 or 20 feet from the railway track, as the jury was authorized to conclude; for, contrary to appellant's contention, the plaintiff testified that:

The path upon which she was traveling "was 10, 15, or 20 feet from the track on the left-hand side. * * * When I started to cross the track, I was in the path parallel to the railroad track. * * * I turned to the right and started towards the track. This path leads closer to the track when you get to the crossing. It is about 10 feet."

We still think that the evidence most favorable to the plaintiff authorized the conclusion of the jury that the plaintiff's injury could probably have been avoided by an exercise of due care after her peril was discovered.

Nor, as we conceive, are we in conflict with the case of M., K. & T. Ry. Co. of Texas v. Eyer, 96 Tex. 72, 70 S. W. 529. The charge condemned in that case authorized a recovery without a finding that the negligence alleged was the proximate cause of the injuries shown. But no such objection was urged to the fourth paragraph of the court's charge in this case, nor is the charge subject to such objection. The complaint here was one of omission merely.

We conclude that the motion for rehearing must be overruled.