MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. JULIA JAMES ET AL.

Decided May 5, 1909.

**1.—Contributory Negligence—Railway Crossing.**

One struck by a train in driving over a railway crossing can not be held liable for contributory negligence, as a matter of law, because of his failure to look for the train, where the view was obstructed, and it did not appear that he failed to listen or that by looking he could have seen and avoided the train. The question of his negligence, under such circumstances, was one of fact. International & G. N. R. Co. v. Edwards, 100 Texas, 22, distinguished.

**2.—Discovered Peril—Charge.**

An instruction holding a railway liable if the employees operating its train, on discovering a person in peril at a crossing, failed to use all the means at hand to stop the train, was erroneous in omitting the qualification, that such means would have prevented the injury, the evidence making that fact questionable. Missouri, K. & T. Ry. Co. of Texas v. Eyer, 96 Texas, 72, followed.

**3.—Assignment of Error—Charge.**

Appellant complaining of an erroneous charge is not limited to the reasons stated in his assignment of error. Sickles v. Missouri, K. & T. Ry. Co., 13 Texas Civ. App., 434, distinguished.

**4.—Requested Charge.**

A charge is properly refused where it ignores an issue involved in the case.

**5.—Same—Brief—Statement.**

The brief presenting error in the refusal of a charge should contain a statement showing such charge to be pertinent.

Appeal from the District Court of Bastrop County. Tried below before Hon. Ed. R. Sinks.

*Page & Miley,* for appellant.—The evidence shows beyond doubt that David James was guilty of contributory negligence which was the direct and proximate cause of his injuries, and that defendant's employes used every means to prevent injuring him after his danger was discovered. St. Louis S. W. Ry. Co. v. Boyd, 105 S. W., 520; Houston & T. C. R. R. Co. v. Kauffman, 46 Texas Civ. App., 72; International & G. N. R. Co. v. Edwards, 100 Texas, 22.

If, when deceased's peril was discovered, it was then too late to stop or check the train so as to save him from injury, the company was not liable on the issue of discovered peril. Missouri, K. & T. Ry. v. Eyer, 96 Texas, 72; Missouri, K. & T. Ry. v. Eyer, 69 S. W., 454.

*S. L. Staples* and *Orgain & Maynard,* for appellees.—The failure of one crossing a railroad track to look or listen is not negligence per se, but it is for the jury to say, under all circumstances of the situation of the particular case, whether one of ordinary care would have looked or listened. Railway Co. v. Lee, 70 Texas, 501; Gulf, C. & S. F. Ry. Co. v. Melville, 87 S. W., 863; Texarkana & Ft. Worth Ry. Co. v. Frugia, 43 Texas Civ. App., 48; Missouri, K. & T. Ry. Co. v. Wall, 110 S. W., 453.

The charge of the court on discovered peril was altogether favorable to the defendant in that it only required the engineer to stop the train after he discovered the party on the track, when a proper charge would have required the engineer to use all efforts, etc., to stop the train as soon as the danger and peril of the deceased was discovered, and being an error, altogether favorable to defendant, appellant can not complain of the error. Texas & P. Ry. Co. v. Tracy, 85 S. W., 834; Texas Midland Ry. Co. v. Byrd, 41 Texas Civ. App., 164.

RICE, ASSOCIATE JUSTICE.—On July 24th, 1907, while David James, Sr., was driving a wagon and team across appellant's track in the town of Smithville, his team and wagon were struck by one of appellant's trains of cars, from which he received injuries that are alleged to have been the cause of his death, which occurred in February thereafter; and this suit is brought by Julia James, his surviving widow, and her children, to recover damages therefor, alleging negligence on the part of appellant, and that his death was proximately caused therefrom.

Appellant, after general and special denials, relied upon and pleaded contributory negligence of the deceased in failing to stop or look or listen for the train before driving upon its track.

There was a jury trial, resulting in a verdict and judgment for the plaintiff Julia James, and in favor of the company against the children, all of whom were adults, for the reason that they were not dependent upon their deceased father for their support, from which judgment this appeal is prosecuted.

Appellant contends that, as a matter of law, deceased was guilty of contributory negligence, and that the trial court erred in not so instructing the jury, and likewise erred on account thereof in refusing to grant its motion for new trial. We overrule these contentions, because we believe the evidence required the submission of this issue to the jury. It is true that the evidence shows that the deceased did not stop before driving upon the track, but it is not shown that he did not listen for the approach of the train notwithstanding he failed to stop; and while the evidence shows that he was looking ahead, still, under the circumstances as disclosed by the record, he may have been in the exercise of ordinary care in so doing, and a failure to look or listen could not be held, per se, negligence. (Frugia v. Texarkana & Ft. Worth Ry. Co., 36 Texas Civ. App., 648.) This case is essentially different in several respects in its facts from the case of International & G. N. R. R. Co. v. Edwards, 100 Texas, 22, wherein the Supreme Court held that Edwards was guilty of contributory negligence, as matter of law, in this: that in the Edwards case the track was not obstructed, but the view was open and the cars could have been seen for some distance, and the plaintiff testified that he did not look or listen; while in this case the track was shown to have been obstructed, and some of the testimony was to the effect that even if deceased had looked he would have been unable, on account of said obstructions, to have seen the approaching train, and it is not shown that he did not listen. In Boyd v. St. Louis & Southwestern Ry. Co., 101 Texas, 411, the Supreme Court, Judge Brown delivering the opinion, reversing the judgment of this court reported in 105 S. W., 520, where it had been held that Boyd, as matter of law, was guilty of contributory negligence, said among other things: "That to authorize the Court of Civil Appeals to render judgment for a railroad company in an action for injuries to a person struck by a train at a street crossing on the ground of contributory negligence, the evidence of contributory negligence must be so conclusive that reasonable minds can not differ as to the conclusions to be drawn therefrom." The same rule, it seems to us, would apply to the trial court. We therefore overrule the assignments raising this contention.

We likewise think there was sufficient evidence of negligence on the part of appellant to require at the hands of the court a submission of this issue to the jury, and overrule appellant's assignments on this subject.

It was alleged by appellees that the peril of deceased was discovered by the operatives of the train in time to have prevented the collision, and the evidence justified the submission of this issue to the jury; and in charging thereon the court gave the following: "Or if you believe

from a preponderance of the evidence that the servants of defendant company operating the engine of the train which caused the injury, if any was inflicted, discovered him upon the track, and after such discovery the said servants failed to use all the means at hand consistent with the safety of the train, and by the use of ordinary care, to stop the train and prevent striking him, then you will find for the plaintiff Julia James, and assess her damages as hereinafter charged, unless you find for the defendant as hereinafter charged."

By its second proposition under this assignment appellant contends that "the charge of the court as given makes the defendant liable, regardless of whether or not the servants of defendant company operating the engine of the train discovered deceased's peril in time to have stopped the train and avoided striking James by the exercise of ordinary care and by the use of the means at their command, and makes the liability rest merely upon whether or not the servants of defendant exercised ordinary care to stop the train by means at command after discovering David James on the track. If when deceased's peril was discovered it was then too late to stop or check the train so as to save him from injury, the company was not liable on the issue of discovered peril."

There was evidence to the effect that when the deceased was first discovered by the trainmen the train was 200 feet from the crossing, and that a train of sixteen cars, such as was then being operated, could not be stopped under 200 feet; and it was also shown by said operatives that they stopped the train as soon as it was in their power to do so. While, on the other hand, there was testimony to the effect that the train in question could have been stopped within from 60 to 100 feet, so that the evidence was in direct conflict upon this issue, rendering it proper for the court to charge thereon. Therefore the question for our determination is as to whether the charge given was a correct presentation of the law upon this issue. The question is not an open one, but there is direct authority to the effect that the charge given was error. In the case of Missouri, K. & T. Ry. Co. of Texas v. Eyer, 69 S. W., 453, where a similar charge to the one in question was reviewed, it was said by the court: "It is insisted that the failure of the engineer to exercise care after the peril is discovered will not render defendant liable, unless the injury would have been avoided had such care been exercised. The charge is error, for the reason that it does not instruct the jury that they must believe that the engineer, by the use of ordinary care, could have avoided the collision. The jury may have concluded under the charge that the engineer did not exercise ordinary care by the use of the means at his command to prevent the collision, and for this reason have found for plaintiff, and still been of the opinion that had he exercised such care he could not have avoided the collision. The reason for holding the company liable on the ground of discovered peril is that the engineer in charge of the train has at his command means for stopping the train and preventing the injury, and it is his duty to make use of those means, and his failure to do so is negligence, for which the company is chargeable." It was held that said charge was affirmative error; but the court, on motion for rehearing in that case, granted the same on the ground that appellant by a

requested charge had invited the error. The Supreme Court, however, granted a writ of error in said case, holding, in effect, that the charge complained of was error for the same reasons assigned by the Court of Civil Appeals in the first instance, and that the error was not invited, and reversed and remanded the case on account of the error in said charge. See Missouri, K. & T. Ry. Co. of Texas v. Eyer, 96 Texas, 72.

In view of the evidence upon this issue, we think the charge of the court complained of was error, in that it failed to also instruct the jury in this connection that, notwithstanding the fact they may have believed that the servants of appellant failed to use all the means at their command to stop the train, yet if they further believed that had they done so they could not have avoided injuring the deceased, then if they so believed to find for appellant, and we therefore sustain this assignment.

Appellee, however, urges that as appellant presented a different reason in its assignment from the one now under consideration, that it is therefore barred from insisting upon any other reason than the one so stated; but the contrary has been expressly held in Gulf, C. & S. F. Ry. Co. v. Williams, 39 S. W., 968, wherein it is said: "An assignment of error need not set forth the reasons why the action of the court is claimed to be erroneous; it is sufficient if the particular ruling complained of is specifically pointed out. Clarendon Ld. Inv. & Agency Co. v. McClelland, 86 Texas, 179. If the reasons should be stated in the assignment it will not preclude the stating of others in the brief and their consideration by this court. We think the proposition presented should be considered." See also Fuqua v. Pabst Brewing Co., 90 Texas, 298, 301. The case of Sickles v. the Missouri, K. & T. Ry. Co., 13 Texas Civ. App., 434, relied on by appellee, in our opinion does not conflict with the law as above announced, that case merely holding that the proposition could not legitimately grow out of the assignment, and does not undertake to hold that because appellant had stated one reason in the assignment that he was therefore precluded from urging another and different reason in the proposition germane to the assignment.

From what has heretofore been said the court did not err in refusing to give a peremptory instruction in behalf of appellant, as urged in its sixth assignment.

Special charge No. 6 was properly refused, because it wholly disregarded the issue of discovered peril, which was in the case.

We overrule the ninth assignment of error because there is no statement thereunder showing the pertinency of the charge presented, even if correct, which we are not prepared to admit.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*