## NORTHERN TEXAS TRACTION CO. v. WEED et al.   (No. 1029–4928.)*

Commission of Appeals of Texas, Section A. Dec. 14, 1927.

**1. Pleading ⬡═53(1)—Plaintiff can plead inconsistent theories, prove them, and have them submitted.**

Plaintiff has right to plead inconsistent theories or grounds of recovery, prove them, and have them submitted to the jury.

**2. Trial ⬡═358—Where findings of jury are conflicting on material issues or destructive of each other, judgment cannot be upheld.**

Where verdict of jury is conflicting on material issues or where its findings are destructive of each other, there is no foundation for a judgment, and a judgment cannot be upheld.

**3. Street railroads ⬡═119—Findings of motorman's negligence in failing to keep lookout held not inconsistent with findings of failure to prevent collision after discovering peril.**

Findings of jury that street car motorman did not exercise ordinary care to keep lookout and discover automobile approaching tracks, that such failure was negligence, and that it proximately caused collision with automobile *held* not inconsistent with further findings that motorman discovered peril of automobile driver and automobile, that thereafter he failed in exercise of ordinary care consistent with safety to use all means at hand to prevent collision, and that such failure proximately caused the collision, since motorman might have discovered peril in time to avoid collision, though failing to keep proper lookout.

**4. Trial ⬡═352(1)—Special issue as to whether automobile driver kept lookout for defendant's street car held error in failing to submit failure to keep proper lookout.**

Special issue submitting to jury whether automobile driver kept lookout for defendant's street car as driver approached street car tracks at time of and just prior to collision *held* error in failing to submit whether driver failed to keep such lookout as was required in exercise of ordinary care.

**5. Appeal and error ⬡═1062(1)—Defect in special issue submitting contributory negligence of automobile driver held reversible, where contributory negligence would have been complete defense.**

Defect in special issue submitting to jury contributory negligence of automobile driver in failing to keep proper lookout for defendant's street car *held* reversible error, where contributory negligence would have been complete defense to every issue of primary negligence.

**6. Trial ⬡═352(1)—Special issues submitting liability of street railroad for collision with automobile on theory of discovered peril held insufficient as failing to submit time when motorman discovered peril.**

Special issues submitting to jury whether street railroad was liable for collision with automobile on theory of discovered peril *held* insufficient as failing to submit whether motorman discovered peril in time to avoid collision.

**7. Appeal and error ⬡═928(1)—Appellate court must view charge as jury untrained in law would view it.**

Appellate court, in determining whether error was committed, should not look at charge from standpoint of trained lawyers, but rather as a jury untrained in the law would view it.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by R. R. Weed, individually and as next friend of his minor daughter, Katherine Marguerite Weed, against the Northern Texas Traction Company. Judgment in favor of plaintiffs was affirmed by the Court of Civil Appeals (297 S. W. 534), and defendant brings error. Judgments of Court of Civil Appeals and of district court reversed and cause remanded to district court.

Cantey, Hanger & McMahon, Alfred McKnight, and Warren Scarborough, all of Fort Worth, and Black & Graves, of Austin, for plaintiff in error.

McLean, Scott & Sayers and Geo. Thompson, Jr., all of Fort Worth, for defendants in error.

CRITZ, J. This case was originally filed in the district court of Tarrant county, Tex., by R. R. Weed individually, and as next friend of his minor daughter, Katherine Marguerite Weed, against Northern Texas Traction Company, to recover damages on account of an automobile in which said Katherine Marguerite Weed was riding, and which she was driving, being struck by a street car, resulting in injuries to herself and said car. A trial in the district court by jury resulted in a verdict and judgment for the plaintiffs. The case was duly appealed to the Court of Civil Appeals for the Second District at Fort Worth, which court affirmed the judgment of the district court, Justice Dunklin dissenting, and is now before this court on writ of error granted on application of the traction company.

The issues of this case are stated in the opinion of the Court of Civil Appeals, 297 S. W. 534, and will not be repeated here except where necessary to understand our holding.

In its first assignment of error and propositions thereunder, plaintiff in error contends that the findings of the jury in response to special issues Nos. 4, 5, and 6 are in conflict with the findings made in response to special issues Nos. 12, 13, and 14. Such special issues and the answers thereto are as follows:

"4. Under all the facts and circumstances shown by the evidence, did the motorman in charge of defendant's north-bound street car, at the time and upon the occasion of the col-

lision in question, exercise ordinary care to keep a lookout to discover such automobile as might be approaching defendant's east car tracks? Answer: No.

"5. * * *

"Was such failure, if any, negligence, if any, as that term is defined to you? Answer: Yes,

"6. * * *

"Was such negligence, if any, a proximate cause of the collision and the injuries in question? Answer: Yes."

"12. * * *

"Did the motorman operating the street car in question discover the perilous position, if any, of Katherine Marguerite Weed and the car she was driving? Answer: Yes.

"13. * * *

"Did the motorman operating the street car in question, after discovering, if he did, the perilous position, if any', of the said Katherine Marguerite Weed and said automobile, in the exercise of ordinary care consistent with the safety of said street car and its occupants, use all the means at hand to prevent the collision and injuries in question? Answer: No.

"14. * * *

"Was such failure, if any, the proximate cause of the collision and injuries in question? Answer: Yes."

The court, in his charge, defined the term "proximate cause" in the usual, approved manner, as follows:

" 'Proximate cause,' as that term is used in this charge, means the moving and efficient cause, without which the injury in question would not have happened. An act or omission becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question, and one that ought to have been reasonably foreseen by a person of ordinary care and prudence, in the light of the attending circumstances. It need not be the sole cause, but it must be a concurring cause, which contributed to the production of the result in question, and but for which the said result would not have occurred."

Counsel for plaintiff in error very urgently and ably present the following propositions under the above assignment:

"First Proposition.

"The finding of the jury, in response to special issues Nos. 4, 5, and 6, to the effect that appellant's motorman negligently failed to keep a lookout to discover the automobile, and that such failure was the proximate cause of the accident, is clearly in conflict with the findings of the jury, in response to special issues Nos. 12, 13, and 14, to the effect that the motorman discovered the perilous position of the appellee in time to prevent the collision, by the exercise of ordinary care in the use of the means at hand.

"Second Proposition.

"If the failure to keep a lookout was the proximate cause of the accident, then it is necessarily true that there was no actual discovery of appellee's perilous position in time to avoid the injury, by the exercise of ordinary care in the use of the means at hand, for, if

the failure to keep such lookout was 'the moving and efficient cause, without which the injury in question would not have happened' (quoting from the court's definition of 'proximate cause'), then there was no discovery of appellee's peril at a time when, by the exercise of ordinary care in the use of all the means at hand, the collision could have been prevented.

"Third Proposition.

"It would be legally impossible in any case for the uncontradicted evidence to show that the defendant's original negligence in failing to keep a proper lookout was the proximate cause of the accident and also that the defendant's actual discovery of plaintiff's peril and subsequent failure to exercise proper care was the proximate cause of the accident. These theories are so inconsistent that it would be legally impossible that both of them should be established at the same time by the uncontradicted evidence. And for the same reason they are so inconsistent that they cannot be established at the same time by the verdict of a jury."

[1, 2] It is the settled law of this state that the plaintiff has the right to plead, prove, and have submitted to the jury inconsistent theories or grounds of recovery, but he is not entitled to a judgment rendered on inconsistent or conflicting findings, and where the verdict of the jury on material issues is conflicting, or where the findings of the jury are destructive of each other, there is no foundation for the rendition of a judgment and it cannot stand. Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Williams v. Zang (Tex. Com. App.) 279 S. W. 816; and First National Bank v. Rush (Tex. Com. App.)' 246 S. W. 349.

[3] If the findings of the jury in answer to issues 4, 5, and 6 are in conflict with issues 12, 13, and 14, then the result is that the findings as to the issue of primary negligence have conflicted with and destroyed the findings on the issue of discovered peril, and vice versa.

A careful reading of the findings in the light of the facts and pleadings will disclose that there is no conflict in the findings of the jury on these issues. If the precautions necessary to avoid the injury were the same under both issues, then the findings of the jury that the motorman in charge of the street car failed to keep a lookout and that such failure was negligence, and was the proximate cause of the collision and injury complained of, and the findings that said motorman discovered the perilous position of Katherine Marguerite Weed, and after such discovery failed to use all means at hand to prevent the collision and injury complained of, and that such failure was the proximate cause of said collision and the injury complained of, would be conflicting and destructive of each other; but if, on the other hand, different precautions were necessary, under the two issues to prevent the collision and injury complained of, then there

is no conflict. Measured by this rule, there was no conflict in the findings. Had the motorman, at the proper time, and before he actually discovered the perilous position of Katherine Marguerite Weed, kept a proper lookout, he might have discovered that she was about to drive her automobile into a position of danger, and by sounding the gong, or by the use of other means at hand at that time, have given her warning, and thus prevented her from going on to the track or into a position of danger before she did so. Certainly a finding to this effect would not destroy or conflict with a finding that later on after she was in danger he discovered it and failed to use all the means at hand to prevent the collision and resultant injury. The proximate cause of an injury need not be the sole cause, but it must be a concurring cause which contributed to the production of the result in question, and but for which the result would not have occurred. The failure of the motorman to keep a lookout and the result of such failure might be one cause, and his discovery of the danger later on and failure to use the means at hand to prevent the injury be another cause, and each of these causes might be a proximate cause of the injury.

Counsel for plaintiff in error cite the following cases in support of the proposition that the verdict of the jury is conflicting and the findings on the issues involved destructive of each other in the respects above discussed: Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Smith v. Railway Co. (Tex. Com. App.) 277 S. W. 103; Railway Co. v. Breadow, 90 Tex. 31, 36 S. W. 410; Railway Co. v. Staggs, 90 Tex. 461, 39 S. W. 295; Railway Co. v. Price (Tex. Com. App.) 240 S. W. 524; and Schaff v. Copass (Tex. Civ. App.) 262 S. W. 240. We think that none of these authorities conflict with our holding as to this issue.

Our disposition of this assignment disposes of the fourth assignment of error.

[4] By its second and third assignments the plaintiff in error assigns as error special issue No. 19, submitted by the trial court to the jury, which special issue, with the answer thereto, is as follows:

"Under all the facts and circumstances shown by the evidence, did Katherine Marguerite Weed, in operating the Cadillac automobile, at the time and upon the occasion in question, keep a lookout for defendant's north-bound car, as she approached the track of defendant and at the time of and just prior to the collision? Answer: Yes."

The record shows that the appellant made seasonable written objection to this special issue, as follows:

"Defendant further excepts and objects to special issue No. 19 contained in the court's main charge, for the reason that same is an unfair presentation of lookout, and does not properly submit to the jury the issue of lookout made by the pleadings and the evidence in this case, and the same is too restrictive, and asks whether any lookout at all was kept or not, whereas the court should affirmatively submit to the jury whether the plaintiff, Katherine Weed, failed to use ordinary care to keep a proper or sufficient lookout, which is the issue made by the pleadings and the evidence in this case, and the same is too restrictive upon this defendant and places too onerous a burden upon it, and fails to affirmatively submit to the jury issue of contributory negligence in this respect, as made by the pleadings and the evidence upon the part of the plaintiff, Katherine Weed, and is an unfair presentation of the issue of contributory negligence, and the defendant makes a like objection and exception to special issues Nos. 20 and 21."

Appellant pleaded contributory negligence on the part of the plaintiff in failing to keep a proper lookout as she approached its tracks, and appellant duly presented its special requested issue No. 6, wherein it requested that the court submit to the jury the following special issue:

"Did the plaintiff, Katherine Weed, keep a proper lookout for defendant's north-bound car as she approached the track of defendant at the time of and just prior to the collision?"

[5] It is manifest that the trial court erred in overruling the objections to special issue No. 19. This special issue was unduly restrictive of the plaintiff in error's rights in connection with a vital issue in the case, the issue of contributory negligence. It required the jury to consider merely whether appellee failed to keep a lookout—that is, any character of lookout whatever. The true issue was whether she failed to keep a proper lookout; that is, whether she failed to keep such a lookout as was required in the exercise of ordinary care. The written objections made to this special issue specifically called the court's attention to this defect in the charge, stating "that the court should affirmatively submit to the jury whether the plaintiff, Katherine Weed, failed to use ordinary care to keep a proper and sufficient lookout, which is the issue made by the pleadings and the evidence in the case." No issue of primary negligence on the part of appellant was submitted to the jury to which appellee's contributory negligence in failing to use ordinary care in keeping a lookout would not be a complete defense. This being true, and the court having erred in submitting this issue of contributory negligence to the jury, the error is necessarily material and reversible.

[6, 7] By its fifth assignment of error the traction company, plaintiff in error, complains of the way in which the trial court submitted to the jury the issue of discovered peril, the objection to such form of submission being that the court did not require the jury to find that Miss Weed's peril was discovered at a time when, by the use of all the means at hand, the motorman could have avoided

the collision. The issues submitting this phase of the case are 12, 13, and 14, above quoted, and special issue No. 11,.which is as follows:

"Under all the facts and circumstances shown by the evidence, was. plaintiff, Katherine Marguerite Weed, and the Cadillac automobile she was driving, in a position of peril before the collision between the street car and the Cadillac automobile? Answer yes or no. Answer: Yes."

The vital and controlling issue in every case of discovered peril is whether the perilous position of the injured party is discovered in time to avoid the injury by the use of all the means at hand. In nearly all cases of injury there is a discovery of the danger at some point prior to the injury, and the crucial issue is the time of discovery. M. K. & T. Ry. Co. v. King (Tex. Civ. App.) 123 S. W. 151; Texas & Pacific Ry. Co. v. Breadow, 90 Tex. 26, 36 S. W. 410; San Antonio Traction Co. v. Kumpf (Tex. Civ. App.) 99 S. W. 863; M., K. & T. Ry. Co. v. James, 55 Tex. Civ. App. 588, 120 S. W. 269; and M., K. & T. Ry. Co. v. Eyer, 96 Tex. 72, 70 S. W. 529. In this case the evidence is undisputed that there was a discovery of defendant in error's peril prior to the injury, and the very issue for the jury was whether the discovery was in time to avoid the collision and resultant injury. The issue as to whether the motorman in charge of the traction company's street car discovered the perilous position of Katherine Marguerite Weed in time to have avoided the collision by the use of all the means 'at hand was never directly submitted to the jury by any special issue of the charge.

Counsel for the defendant in error very ably present the proposition that the jury in answering special issues 11, 12, 13, and 14, found all the requisite facts necessary to establish the disputed issue of discovered peril, in that they found that the motorman failed to use all the means at hand to prevent the collision after he had discovered the peril of the defendant in error, and that such failure was the proximate cause of the collision and injury. Defendants in error contend that such a finding was in legal effect a finding that the motorman discovered her peril in time to have prevented the injury by the use of all the means at hand. It may be that such is the legal effect of the findings of the jury to these issues, but we think that the traction company was entitled to a direct, concrete, and affirmative presentation of this issue to the jury. We should not look at the court's charge from the standpoint or experience of trained lawyers, but "we must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it." G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 517, 63 S. W. 538. When measured by this rule, we do not think

the charge was sufficient to direct the attention of the jury to the essential element of discovered peril, that of time.

Defendant in error cites the case of Alamo Iron Works v. Prado (Tex. Civ. App.) 220 S. W. 282, in support of her contention that the issues so submitted were sufficient. We are not sure that the Court of Civil Appeals intended to hold contrary to the rule we here lay down, but if it does, we do not believe it is correct when the error is properly excepted to at the proper time.

On account of the errors committed by the trial court in the submission of the issues on both contributory negligence and discovered peril, we recommend that the judgments of the Court of Civil Appeals and of the district court be reversed and that this cause be re-. manded to the district court for a new trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.