**BURTON v. BILLINGSLY et al.**

No. 5021.

Court of Civil Appeals of Texas.   Amarillo.
May 8, 1939.

Rehearing Denied June 5, 1939.

440

Conly K. Stevens and Austin S. Dodd, both of Dallas, for appellant.

Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, for appellees.

STOKES, Justice.

This suit was instituted by appellant, James A. Burton, against appellees, L. B. Billingsly and J. M. Cook, Jr., to recover damages for personal injuries received by appellant in a collision between his automobile and one being operated by appellee Cook on May 5, 1936, at about 4 o'clock in the afternoon. The collision occurred on Columbia Avenue in the city of Dallas. Cook was an employee of Billingsly, who was doing business at Dallas under the trade name of Billingsly Machinery & Supply Company. Cook had been on a trip to Arkansas where he had delivered some machinery to a customer of Billingsly's and was returning to Billingsly's place of business located in the neighborhood of the place where the collision occurred. Attached to the rear of Cook's automobile was a small trailer in which he had conveyed the machinery but which was empty at the time of the collision. Cook was traveling west on Columbia Avenue at a rate of speed which the witnesses estimated at all the way from forty to sixty-five miles an hour. The first street east of the scene of the collision is Fitzhugh Street. The next street east of Fitzhugh is Collett which is approximately 728 feet from Fitzhugh. The collision occurred about 75 feet west of Fitzhugh, making the total distance between Collett Street and the scene of the accident some 828 feet or 276 yards, including the width of Fitzhugh Street.

Appellant was a man about sixty-five years of age. He was in a light automobile, traveling from his home to a grocery store located on the north side of Columbia Avenue some 75 feet west of Fitzhugh Street. He entered Columbia Avenue half a block or more west of the grocery store and was traveling east at a nominal rate of speed on the south side of Columbia Avenue, intending to turn in to the grocery store located on the north side of the street and park his car at a point immediately west of the store. This involved a left-hand turn across the street near the center of the block. There was considerable traffic on the south side of Columbia Avenue but none on the north side except Cook's car. Before making the turn appellant angled his car from the extreme south side of the street and when he reached a point almost immediately south of the place where he intended to park his car he made a sharper turn to the left in an attempt to cross the north side of Columbia Avenue. In doing this he was struck by Cook's car in the north side of the street and the collision resulted in practically demolishing appellant's car and inflicting upon him serious personal injuries.

The case was tried before a jury and at the close of the testimony the court instructed the jury to return a verdict in favor of the defendants. Upon return of such a verdict judgment was entered in favor of the defendants denying appellant any recovery. Appellant duly excepted to the judgment, gave notice of appeal, and the case is now before us upon an order entered by the Supreme Court transferring it to this court from the Court of Civil Appeals of the Fifth District.

The principal contention made by appellant in the assignments of error is that the court erred in instructing a verdict against him. The contention involves the questions of contributory negligence, proximate cause, and discovered peril.

Inasmuch as the questions mentioned dominate the case and control its disposition, it will not be necessary to discuss the question of Cook's negligence. The evidence is practically conclusive that he was guilty of negligence in driving his car at a greater rate of speed than a person of ordinary prudence and care would have driven it under the same or similar circumstances. His own testimony may have presented a jury question upon that issue but, in the view we take of the case, the question of Cook's negligence is not material, except upon the question of discovered peril.

As to the first question, namely, whether or not appellant was guilty of contributory negligence as a matter of law so that the court was warranted in giving the peremptory instruction to the jury, the evidence shows that the collision occurred in broad daylight at about 4 o'clock in the afternoon. Appellant had traveled some distance on Columbia Avenue in an easterly direction, intending to go to the grocery store located some 60 or 75 feet west of the intersection.

of Columbia Avenue with Fitzhugh Street. Instead of going to Fitzhugh, making a complete left-hand turn at the intersection, and approaching the grocery store from the east, appellant attempted to make a left-hand turn at or near a point immediately south of the grocery store near the center of the block, cross the north side of Columbia, and park his car slightly west of the grocery store. Some distance before reaching the point south of the store at which he intended to make a sharp left-hand turn, appellant angled his car from the extreme south side of the street so that when he reached the objective point, he was near the center of the street. There was considerable traffic to his rear and he was engaged in observing its movements so as to make sure no one was attempting to pass on his left. While driving at this angle, he observed Cook's car approaching from the east at which he described to be a very high rate of speed. Cook was at that time some 276 yards east of appellant. Upon reaching the point where he intended to make the sharp turn, cross the north side of Columbia and enter the parking space on the north side of the street, appellant again observed Cook approaching from the east in the vicinity of Fitzhugh Street approximately 130 to 150 feet from him. He said that Cook had not reduced his speed but was still traveling at what he termed a terrific rate of speed. After observing Cook's car the second time, appellant glanced in his rear-view mirror to observe the traffic in his rear and paid no further attention to Cook because, he said, he thought Cook surely would reduce his rate of speed before reaching him. After observing the traffic he glanced at the parking space which he intended to occupy and proceeded in an attempt to cross the north side of the street when Cook's car struck him and the collision occurred. This testimony is undisputed. It shows that appellant knew Cook was approaching at a very high rate of speed. It is inescapable that appellant knew the collision would occur unless Cook reduced his rate of speed. He testified that if he had stopped his car when he saw Cook the second time, Cook might have gotten by and the collision would not have occurred. Instead of doing this, however, he proceeded across the north side of Columbia Avenue into the direct line of Cook's approach without even again looking to observe whether Cook had reduced his rate of speed or was making an effort to do so. The evidence is undisputed that there was no other traffic on the north side of Columbia Avenue except Cook's car. It is conclusive from the record that if appellant had stopped, which he testified he could have done within two or three feet, and waited the two or three seconds that would have been necessary for Cook to pass before attempting to cross the north side of the street, the collision would not have occurred. It was not shown there was a city ordinance forbidding such a turn in the center of the block as appellant made and, for the purpose of this case, it may be observed that he had the legal right to make such a turn. While he had the right to do so, he did not have the complete right-of-way and whether he could do so with prudence would depend upon the speed at which Cook's car was approaching and whether or not he saw and recognized that Cook was approaching at a rate of speed which possibly would result in a collision. Appellant stated unequivocally that he knew Cook was approaching at a very high rate of speed, the lowest estimate of which was placed by the witnesses at 40 miles per hour. At the time he saw Cook the second time, the distance between them was little, if any, more than 150 feet, to negotiate which would not have consumed more than two and a half or three seconds.

The rule of law is so well established that it is not necessary to cite authorities to the effect that a recovery of damages is not sustainable where the evidence shows the person injured is familiar with the locus in quo; appreciates the danger of being injured as fully as does the defendant, and fails to exercise reasonable care to avoid it. Regardless of any negligence of which the defendant may be shown to have been guilty, no recovery can be had if it is shown that the person injured could himself have avoided the injury by the use of such care and prudence as would be used by an ordinarily prudent person under the same or similar circumstances. Shawver v. American Ry. Express Co., Tex.Civ.App., 236 S.W. 800. To our minds, these facts concerning appellant's conduct establish beyond question that appellant was guilty of the grossest kind of negligence and by reason thereof he was not entitled to recover anything of the defendants unless it is shown by the record that his contributory negligence was not a proximate cause of the collision and injury or that appellee Cook discovered appellant's perilous situation in time to have avoided the injury by the use of means

within his control. We do not believe it could be said that any person who would approach and attempt to cross the north side of Columbia Avenue at the time and under the circumstances under which appellant attempted to do so was observing such conduct as would have been observed by a person of ordinary care and prudence under the same or similar circumstances. Upon this question, it seems to us, reasonable minds could not differ.

■ Appellant contends, secondly, that even if he were guilty of negligence, it was not a proximate cause of his injury. Proximate cause is defined to be the result of acts or omissions without which the injury would not have occurred. It is said that it must be the efficient or moving cause of the injury in order to be the proximate cause. As applied to this case it cannot be questioned that the act of appellant in driving his car into the line of travel being pursued by Cook was an essential cause of the collision. If his car had not been there the collision would not have occurred regardless of the amount of negligence with which Cook may justly be charged in driving at a dangerous rate of speed. If appellant had stopped his car after he saw Cook and before proceeding into the line of Cook's travel, he would not have been there and the injury would not have occurred. We think it is conclusive, therefore, that appellant's conduct on the occasion in question constituted negligence and that without such negligence the injury would not have occurred. It was, therefore, unquestionably a proximate cause of the collision.

■ The only question that remains concerning these two phases of the case, then, is whether or not, under the testimony, the trial court was warranted in giving to the jury a peremptory instruction. Contributory negligence and proximate cause ordinarily are questions of fact to be decided by the jury. They become questions of law, however, when they consist of the violation of law or the circumstances are such that, in the opinion of the court, reasonable minds could not arrive at different conclusions. Koock et al. v. Goodnight et ux., Tex.Civ.App., 71 S.W.2d 927; Carter v. Ferris et ux., Tex.Civ.App., 93 S.W.2d 504; Blakesley v. Kircher, Tex.Com.App., 41 S.W.2d 53.

■ There is no conflict in the testimony concerning the material acts and conduct of appellant upon the occasion in question. The principal elements in the facts we have detailed are taken from his own testimony. No one but appellant could have known the exact moment when he observed Cook's approach on either the first or second occasions when he observed it and he was quite positive as to Cook's approximate location each time he glanced in Cook's direction and observed his approach. We think the statements of appellant concerning these matters and the other undisputed evidence in the record conclusively establish contributory negligence on the part of appellant and that such negligence was a proximate cause of the injury he received in the collision and for which he here sues. In our opinion reasonable minds could not have arrived at different conclusions. The matter, therefore, became a question of law and the court did not commit error in instructing the jury to return a verdict for the defendants in so far as these two phases of the case are concerned. His assignments of error in respect to these matters will, therefore, be overruled.

■ Addressing ourselves next to the third and last contention of appellant that Cook observed his perilous situation in time to have avoided the collision by the means at hand, the testimony shows that at the time Cook first saw appellant, Cook was at or near Collett Street and the record shows appellant saw Cook's car at about the same time. Appellant testified that Cook's car was coming at a very rapid rate of speed. At that time the two cars were about 276 yards apart and appellant began steering his car at an angle from the south side of Columbia Avenue in order to make the left-hand turn into a parking ramp in front of the grocery store. At that moment he glanced in his rear-view mirror to see if any one was immediately behind him and would likely attempt to pass him on the left. Appellant reduced his speed to about five miles an hour, continued his angle to the left until he reached a point almost immediately south of the vacant space in the parking ramp where he intended to park his car on the north side of Columbia Avenue. He then glanced east and again observed Cook's car in the neighborhood of a drug store at the corner of Fitzhugh Street and Columbia Avenue. It was then, according to his testimony, approximately 125 to 150 feet east of where the collision occurred. He said Cook's car was still coming at the same high rate of speed, describing it as a terrific speed. He said that, although Cook had not reduced his rate of speed at that time, he had no idea

Cook would maintain the speed at which he was then traveling and that he considered he had ample time to drive across the north side of Columbia Avenue into the parking space before Cook reached his line of travel. Thinking he could do so and that Cook would reduce his rate of speed, appellant turned his attention to the traffic in his rear and to his effort to cross the north side of Columbia Avenue. He said he did not again see Cook's car until it struck him.

Cook testified he saw appellant's car when he, Cook, was at Collett Street but that it was on the south side of Columbia Avenue and he had no idea its driver was intending to cross in the middle of the block. He said that, when he reached Fitzhugh Street he looked both north and south for traffic and, seeing none, he then glanced ahead and saw appellant's car in an apparent effort to cross to the north side of Columbia. At that time Cook's car was within less than 100 feet of appellant and he said that, when he realized appellant intended to drive into the north side of Columbia Avenue, he immediately applied his brakes, and all the testimony shows the wheels of his car skidded on the pavement for some thirty or forty feet. Another witness also testified that when Cook reached Fitzhugh Street he glanced up the street and then turned his face forward in the direction he was traveling. We think it is conclusive from the testimony that Cook did not observe appellant's apparent effort to cross the north side of Columbia Avenue until after Cook had passed Fitzhugh Street.

The witnesses testified Cook was traveling at a rate of speed ranging from forty to sixty-five miles an hour. Adopting the lowest of these estimates, a calculation will show he was traveling at approximately sixty feet per second. This gave him not more than one and a half or two seconds in which to avoid the collision after he must have realized appellant intended to cross the north side of Columbia Avenue. Appellant testified he saw Cook's car at about the point where Cook says he realized appellant intended to cross the street. Thus it will be seen that when Cook realized the probable danger and appellant saw Cook coming, Cook immediately applied his brakes and made every reasonable effort to avoid the collision, while appellant turned his attention to other features of the traffic and depended solely upon his belief that Cook would reduce his rate of speed and

thus avoid the collision. According to appellant's testimony he must have known that unless Cook did reduce his rate of speed, the collision was bound to occur. Unless Cook was able to reduce his speed, therefore, the collision could not have been avoided. All the evidence shows that Cook applied his brakes within what must have been less than a second after he discovered appellant's perilous position; the force of this application was so great that the wheels skidded a distance of from thirty to forty feet. These facts show beyond question that after discovering appellant's perilous position Cook did everything he possibly could have done to avoid injuring appellant. His only possible alternative was to steer his car in front of, or to the rear of, appellant's car. As to this last suggestion it is shown by undisputed evidence that if Cook had made a sharp turn in either direction it would have resulted in throwing the trailer to one side or the other of his own car and probably have resulted in a catastrophe more serious than the one which did occur.

The elements of discovered peril involve the exposed condition of the plaintiff, its discovery by the defendant in time to avert injury by the use of all means at his command commensurate with his own safety, and the failure to use such means. These principles are maintained and well discussed in the following cases and many others: Missouri, K. & T. Ry. Co. v. Eyer et al., 96 Tex. 72, 70 S.W. 529; Northern Tex. Trac. Co. v. Weed, Tex.Com.App., 300 S.W. 41; Missouri, K. & T. Ry. Co. v. James et al., 55 Tex.Civ.App. 588, 120 S.W. 269; Texas & P. Ry. Co. v. Breadow et al., 90 Tex. 26, 36 S.W. 410.

Our consideration of this case has brought us inevitably to the conclusion that, if not wholly undisputed, the evidence is such that reasonable minds could not differ in the conclusion that appellant was guilty of contributory negligence which proximately caused his injury; that appellee Cook did not discover the perilous situation of appellant in time to have averted the injury by the use of all means at his command and that he utilized every means at his command in an effort to do so. Such being our conclusions it follows that, in our opinion, the trial court did not commit error in giving to the jury the peremptory instruction to return a verdict in favor of the appellees. Its judgment will, therefore, be affirmed.