## MILLER v. RHODIUS.

### No. 11011.

Court of Civil Appeals of Texas. San
Antonio.

June 25, 1941.

See, also, Tex.Civ.App., 139 S.W.2d 316.

E. W. Halbardier, of San Antonio, for
appellant.

B. W. Teagarden, of San Antonio, for
appellee.

MURRAY, Justice.

This suit was instituted by Carl Miller
against H. U. Rhodius seeking to recover
damages for personal injuries sustained by
Miller when he was struck by an automobile
driven by Rhodius.

The trial was to a jury and resulted in a
directed verdict for the defendant, Rhodi-
us. Carl Miller has prosecuted this appeal.

The appeal presents three main ques-
tions; first, Was the evidence sufficient to
raise an issue of fact as to the negligence
of appellee, Rhodius? second, Was Carl
Miller guilty of contributory negligence as
a matter of law? third, Was the evidence
sufficient to go to the jury on the theory of
discovered peril?

The record shows that Carl Mil-
ler was attempting to cross the very busy
street of Broadway, in the middle of the
2800 block, which is within the city limits
of the City of San Antonio. He was at-
tempting to cross from the west side of
Broadway to the east side. H. U. Rhodius,
accompanied by his wife, was driving his
automobile in a northerly direction on
Broadway. The accident occurred just
before, or just after, dark on December 3,
1937. Miller was struck by the automobile,
knocked to the pavement and unquestionably
injured. There was evidence that Miller
was intoxicated at the time, but this was
denied and must therefore be disregarded
in passing upon the action of the trial
court in directing a verdict. The evidence
shows that pedestrians were in the habit of

crossing Broadway in the middle of the 2800 block, and this fact was known to Rhodius. The record is silent as to whether or not there is any city ordinance making it unlawful for pedestrians to cross streets in the middle of blocks, and we must therefore presume that Miller had a legal right to cross Broadway at the point where he was attempting to cross.

Miller testified that before he attempted to make the crossing he looked both ways and saw no automobiles approaching from either direction, so he proceeded to the middle of the street, where he stopped and again looked in both directions; seeing no automobiles approaching from either direction, he continued on toward the east side of Broadway. After he had proceeded for a short distance he looked to the south and saw the automobile driven by Rhodius approaching him. He decided to make a run for the south curb but was unsuccessful by a foot or two and was struck by the right fender and light of the Rhodius automobile. Miller testified that Rhodius was driving fifty or sixty miles per hour.

■ We conclude that the evidence raised an issue of negligence against Rhodius which should have been submitted to the jury. The State law then in effect prohibits driving faster than twenty miles per hour in a city or town, and if the jury had found that Rhodius was driving fifty or sixty miles per hour within the City of San Antonio, he would have been guilty of negligence per se, and whether or not such negligence was a proximate cause of the collision would be a question of fact for the jury. It is true, in another part of Miller's testimony, in explaining why he decided to make a run for the south curb, Miller testified that when he saw Rhodius one or two hundred feet from him he did not know how fast Rhodius was traveling. At most, this would present a contradiction in his testimony to be weighed by the jury.

■ We also conclude that Miller was not guilty of contributory negligence as a matter of law. As heretofore stated, the evidence does not show that he was violating any city ordinance in attempting to cross Broadway in the middle of the 2800 block. According to his testimony he used due care to see if automobiles were approaching before he attempted to cross the street and again when he arrived in the middle of the street. Whether or not he was guilty of negligence in running for the south curb after he did discover the approach of the Rhodius automobile also presents a jury question.

■ We are cited by appellee to Burton v. Billingsly, 129 S.W.2d 439, in which the Amarillo Court of Civil Appeals, speaking through Justice Stokes, held that Burton was guilty of contributory negligence as a matter of law. The facts in that case are very similar to the facts in this case. However, there is just enough difference to distinguish the two cases. In the Burton case he testified that he went into the path of Cook's car knowing it was only about 150 feet away, traveling at the rate of at least forty miles per hour, and realizing there would in all probability be a collision, unless Cook slowed down. In the case at bar Miller looked before leaving the center of Broadway and starting toward the south curb, and did not see Rhodius' car. Miller does not say when he discovered Rhodius was traveling at a rate of speed from fifty to sixty miles per hour, but giving the evidence the most favorable construction, which we are required to do in considering the question before us, we must presume he was already in a position of danger when he made the discovery and there was left only the option of trying to go back to the middle of the street, or of making a run for the south curb. He may have chosen the poorest means of escape, but this would not make him guilty of negligence, because in an emergency he chose a course which ultimately proved to be the wrong one.

■ We overrule appellant's contention that he should be permitted to recover upon the theory of discovered peril. This entire transaction happened so suddenly that it does not present the elements of discovered peril. Gersdorf-Sloan Amb. Service, Inc. v. Kenty, Tex.Civ.App., 75 S.W.2d 903, 904; Surkey v. Smith, Tex. Civ.App., 136 S.W.2d 893.

We are of the opinion that the questions of negligence of defendant and contributory negligence of plaintiff, as raised by the evidence, presented fact issues to be decided by the jury, and the trial court committed reversible error in deciding such questions as a matter of law.

The judgment will be reversed and the cause remanded.