### BROWN v. WINN et al.

### No. 13444.

Court of Civil Appeals of Texas. Dallas.

Nov. 12, 1943.

Rehearing Denied Dec. 24, 1943.

Caldwell, Baker & Jordan, of Dallas, for appellant.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellees.

BOND, Chief Justice.

This is a suit for damages suffered by appellant, plaintiff in the court below, in an automobile collision occurring on a state highway. At the conclusion of plaintiff's evidence, on motion of defendants, the trial judge peremptorily instructed a verdict and entered judgment in their favor. The court held that plaintiff was guilty of contributory negligence as a matter of law, and that discovered peril was not raised by the evidence. This is the basis of appropriate points of error in this appeal.

The evidence shows that the collision occurred on a thirty-foot, three-lane paved highway. Immediately before the collision appellant was operating his automobile in the right-hand lane and as he reached a point opposite a gas filling station, he turned his car to the left, stopped in the middle lane at about a 45-degree angle, and looked for oncoming automobiles to insure safety in going to the filling station for gas. While standing, he saw several cars approaching in the left-hand lane, one of which was appellees', some distance to the rear of the others. Appellant allowed the other cars to pass and, as they were passing, saw appellees' car about 200 yards away, approaching at a fast rate of speed, estimated at about 65 miles per hour. Appellant started his engine, adjusted the gears, and proceeded across the left-hand lane without looking ahead for the whereabouts of appellees' car. As appellant's car was clearing the paved portion of the

highway, across the left-hand lane, his attention was then attracted by squeaks of automobile brakes; he gave a side glance and saw appellees' car just as it struck his rear fender, resulting in the damage. He gave as his reason for not looking that "I figured I had ample time" (meaning) to get across before appellees' car reached him. It will be seen that appellant's action in crossing the lane in front of appellees' fast approaching automobile was due to a miscalculation either of the distance appellees were away, or the speed at which they were traveling, or both; in either event, plaintiff was impressed with a sense of security that he could safely cross the lane before appellees' car could reach the intersection. There is no evidence that appellant entered the danger zone, relying upon appellees' checking their speed to avoid the collision. The facts in this case as related to the issue of contributory negligence, are unlike those in Burton v. Billingsly, Tex.Civ. App., 129 S.W.2d 439 (writ refused), on which appellees rely to sustain the action of the trial judge. In that case, Burton turned into the path of danger, well knowing he could not make clearance unless the speed of the Billingsly automobile was reduced. He took the chance and lost. In explaining his attempt to cross the street, Burton testified that he thought the driver of the approaching car (defendant) "surely would reduce his rate of speed before reaching me." The Supreme Court has made a distinction in law on the facts of that case and the facts in other adjudicated cases similar to those here: Phelan v. Schneider, Tex.Civ.App., 146 S.W.2d 244 (writ refused); Miller v. Rhodius, Tex.Civ.App., 153 S.W.2d 491 (writ refused). In the Burton case, Burton, crossing the street in front of the fast approaching automobile, relied upon defendant's reducing the speed of his car, which convicted him of contributory negligence as a matter of law; while in the other cases, where the injured parties crossed streets in front of fast moving vehicles, relying upon a sense of security, believing they could safely cross, they were held not guilty of contributory negligence as a matter of law. In the Phelan case, the injured party thought he could safely cross the street in front of a fast moving truck operated by defendant. He based his conclusion upon the rate of speed at which the car was approaching and the

distance it had to travel before reaching him. The Beaumont Court held that plaintiff was not guilty of contributory negligence as a matter of law, but that the facts presented the issue for the jury's determination. That is also the holding in Miller v. Rhodius, supra.

We think the facts in the instant case are in line with the holdings in the last two cases cited above, presenting issues of fact for the jury, hence the trial court erred in determining the issues as a matter of law. It might be true that appellant should have looked for appellees' car when he engaged his engine and started across, but failure to do so under the related circumstances would not convict him of contributory negligence as a matter of law. We do not think the evidence raises the issue of discovered peril. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.