**Jimmie HINOJOSA, Appellant,**

v.

**Kenneth Wayne STEPHENS, Appellee.**

**No. 406.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 25, 1970.

Rehearing Denied Dec. 16, 1970.

Robert C. Barnett, Talbert, Giessel, Barnett & Stone, Houston, for appellant.

James Perdue, Miller, Gann & Perdue, Houston, for appellee.

BARRON, Justice.

This is an automobile collision case involving an application of the doctrine of discovered peril.

The trial court submitted issues of fact to the jury who found that Jimmie Hinojosa, the defendant, was guilty of negligence proximately causing the accident in four particulars but found that the plaintiff, Kenneth Wayne Stephens, parked his automobile where a person of ordinary prudence would not have parked and that such parking was a proximate cause of the accident. The plaintiff was thus convicted of contributory negligence. However, by special issues numbers 9, 10 and 11, the jury found the discovered peril issues in favor of the plaintiff, and the trial court rendered judgment in favor of Stephens in the amount of $8,285.00. The defendant, Hinojosa, has appealed from the judgment below, contending that there is no evidence to support the discovered peril findings, or that such findings were against the overwhelming weight and preponderance of the evidence and that the evidence was insufficient to warrant affirmative findings in response to such issues.

On the late evening of November 6, 1967, Kenneth Wayne Stephens, the plaintiff, accompanied by his girl friend, parked his car along Boyles Road in Houston, Texas. This road was neither in a residential nor a business district and was of a deserted character. Boyles Road is a two-lane, paved road which intersects Clinton Drive in Houston. There is a curve in the road just off Clinton Drive and then the road runs straight in a northerly direction until it dead-ends into Palestine Street. There are railroad tracks which cross Boyles Road near Clinton Drive. After Boyles Road straightens out, it is completely level with no obstructions to visibility. The railroad tracks intersect Boyles Road in the general vicinity of the place where Boyles Road begins to straighten out. After being parked for about ten minutes, plaintiff's automobile was struck in the rear by an automobile operated by defendant. The force of the impact resulted in personal injuries which were made the basis of this suit.

The only witnesses testifying to the facts and circumstances of the collision were plaintiff and defendant. Their description of the area in question was virtually identical. They estimated the distance from the railroad tracks to the point where Boyles Road dead-ended into Palestine Street as being from two to four city blocks. Plaintiff testified that he pulled his car partly off the paved portion of the road, turned off his lights and a few minutes later heard a car approaching him and saw headlights in his rear-view mirror. From the roar of the motor of the approaching car, he testified that the car was traveling fast. Plaintiff turned on his ignition switch, pressed on the clutch and the brake and was going to start his automobile when the collision occurred.

Defendant testified that after crossing the railroad tracks he was traveling about 12 miles per hour and then began to pick up speed. He put his bright lights on after he crossed the tracks and picked up speed about that time. As his lights went on bright he saw nothing down the road, and when he actually saw the plaintiff's car he was traveling 35 to 37 miles per hour. Defendant testified that all of plaintiff's car was on the pavement and that such car partly blocked the opposite lane of travel. There was, however, enough room to pass the stopped car on the left, " * * * but

I just didn't do it." The defendant testified further that there was a distance of one block or one and one-half blocks from the railroad tracks to the point of impact, and that he saw plaintiff's vehicle and tried to slow his vehicle at an estimated distance of about 50 feet. He said that "When I saw him is when I applied my brakes." By the time defendant hit plaintiff's car his speed had diminished and he heard his tires skidding. According to defendant, everything happened so fast he did not have enough time to avoid plaintiff, and "I just froze." Hinojosa did not attempt to pass on the left nor turn his vehicle to the right-hand shoulder of the road.

Hinojosa testified concerning his knowledge that plaintiff's automobile was parked ahead as follows:

"I saw the automobile right after crossing the tracks when I put on my brights and then I got the glare * * * I looked up in the rearview mirror when that car was going on the other road and when I looked back again they were there, I saw the car, and that is when I just reacted * * * slamming on the brakes."

The plaintiff, Stephens, testified that he was parked approximately four blocks from Clinton Drive, and that only about two feet of his car were on the pavement. The defendant estimated the distance from the railroad tracks to the parked car as being a block or a block and a half.

■ The law applicable in this type of case is well established and well known. The elements of discovered peril involve the exposed condition of the plaintiff, its actual discovery by the defendant in time to avert injury by the use of all means at his command commensurate with his own safety, and the negligent failure to use such means. Burton v. Billingsly, 129 S.W.2d 439, 443 (Tex.Civ.App.), writ ref. The burden of proof rests upon the plaintiff, and it is not sufficient that the defendant

could have or should have realized the perilous position of the plaintiff, but rather, plaintiff must show actual discovery and realization by defendant in time to avoid the collision. Gentry v. Southern Pacific Company, 457 S.W.2d 889 (Tex.Sup.). The fact of timely realization of the danger may, however, be established by circumstantial evidence, and the jury is not bound by defendant's statement as to when he discovered plaintiff's danger and as to efforts made to avoid injury. See Charles T. Picton Lumber Company v. Redden, 452 S.W.2d 713, 718 (Tex.Civ.App.), writ ref., n. r. e.; Southland Greyhound Lines v. Richards, 77 S.W.2d 272 (Tex.Civ.App.), writ dismd.

The evidence shows that it was about three or four blocks from the place where Boyles Road straightened out to where it dead-ends into Palestine, and it was plaintiff's estimate that he parked approximately 100 yards back from Palestine. Defendant testified that it was approximately one and one-half blocks from the railroad tracks to plaintiff's parked car and that the Stephens vehicle was about 50 yards back from Palestine. It was shown that after crossing the railroad tracks, Boyles Road was straight, level and with no obstructions to visibility. When defendant put his bright lights on at a distance of approximately 15 to 20 feet past the railroad tracks he saw "two people together in a car parked there," at a distance of approximately one block to one and one-half blocks. At best, defendant was traveling not more than an estimated 37 miles per hour at the time. He applied his brakes but took no further evasive action. He realized that if he continued in the lane he was in, at the speed he was going that there would be a collision.

■ We conclude that there is sufficient evidence in the record to support the special issues submitted relative to discovered peril, and that the jury was authorized to make findings upon such special issues in favor of the plaintiff, Stephens. See Charles T. Picton Lumber Company v.

Redden, supra; Southland Greyhound Lines v. Richards, supra; Vontsteen v. Rollish, 133 S.W.2d 589 (Tex.Civ.App.), writ ref.; Wilson v. Barnes, 224 S.W.2d 892 (Tex.Civ.App.), writ ref.; Rogers v. Cotton, 42 S.W.2d 173 (Tex.Civ.App.), writ dismd. The principal case cited by defendant, Schuhmacher Co. v. Posey, 215 S.W.2d 880 (Tex.Sup.), is distinguishable on the facts and is not in point here.

The judgment of the trial court is affirmed.